

United States Courts
Southern District of Texas
FILED

NOV 1 6 2009

Clerk of Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

In Re: DA CONSULTING GROUP USA § Case No. 03-48131
§
§
Debtor(s). §

**Application for Payment of Unclaimed Funds
and Certificate of Service**

1. I am making application to receive $145,319.21, which was deposited as unclaimed funds on behalf of DA CONSULTING GROUP USA INC.
(*name of original creditor/debtor*).

2. Applicant is entitled to receive the requested funds, has made sufficient inquiry and has no knowledge that any other party may be entitled to, and is not aware of any dispute regarding the funds at issued based upon the following (*check the statement(s) that apply*):

☐ a. Applicant is the creditor/debtor named in paragraph 1, and the owner of the funds appearing on the records of this Court, as evidenced by the attached documents.

☒ b. Applicant is the attorney in fact for the creditor/debtor named in paragraph 1, with authority to receive such funds, or who is authorized by the attached original Power of Attorney to file this application on behalf of the creditor/debtor.

☐ c. Applicant is the assignee or successor-in-interest of the creditor/debtor named in paragraph 1, or the representative of the assignee or successor-in-interest, as evidenced by the attached documents establishing chain of ownership and/or assignment.

☐ d. Applicant is a duly authorized corporate officer (if a corporation) or a general partner (if a partnership) and a representative of the creditor/debtor named in paragraph 1.

☐ e. Applicant is the representative of the estate of the deceased creditor/debtor named in paragraph 1, as evidenced by the attached certified copies of death certificate and other appropriate probate documents substantiating applicant's right to act on behalf of the decedent's estate.

☒ f. None of the above apply. As evidenced by the attached documents, applicant is entitled to these unclaimed funds because:
DRAGON RIVER RESOURCES, INC purchased the assets of DA Consulting in 2004 from the Trustee, Randy Williams, see attached Deed of Assignment and Sale of Assets. DA Consulting Group (Assignor) and Dragon River (Assignee)

3. I understand that pursuant to 18 U.S.C. § 152, I could be fined no more that $5,000, or imprisoned not more than five years, or both, if I have knowingly and fraudulently made any false statements in this document or accompanying supporting documents. I further understand that any indications of fraud detected by the Court will be turned over to the U.S. Attorney for possible prosecution.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing statements and information are true and correct.

Dated: 11/12/09

Applicant's Signature: _____
Applicant's Name: Michael Carlucci - Attorney in Fact
Address: 125 Westchester Dr.
Canton, MA 02021
Phone: (781) 575-1119

Subscribed and sworn before me this 12th day of November, 2009.

Dangira Mazutis
Notary Public
State of Massachusetts
My commission expires December 10, 2015

[Notary seal: DANGIRA MAZUTIS, Notary Public, COMMONWEALTH OF MASSACHUSETTS, My Commission Expires December 10, 2015]

Attachments:
1. Deed of Assignment + Sale of Assets to Dragon River Resources
2. Order to Deposit Unclaimed Funds
3. Power of Attorney
4. Order for Payment of Unclaimed Funds

## Certificate of Service

I certify that on 11/12/09 (date), a true and correct copy of this application for payment of unclaimed funds was served by first class United States Mail on the following:

U.S. Attorney
P.O. Box 61129
Houston, TX 77208

U.S. Trustee
515 Rusk Ave., Ste.3516
Houston, TX 77002

Other: _____

# United States of America

# (Intellectual Property)

# Deed of Assignment and Sale of Assets

Date:   February 11, 2004

Randy W. Williams, chapter 7 Trustee

**DA Consulting Group USA Inc.**

Assignor

**Dragon River Resources Inc.**

Assignee

DEED made the  11th  day of February 2004

BETWEEN:

**Randy W. Williams** chapter 7 Trustee of DA Consulting Group USA, Inc.; Case No. 03-48128, jointly administered chapter 7 case under Case No. 03-48131

**(the 'Assignor')**

AND:  **Dragon River Resources Inc.**
incorporated in the British Virgin Islands where its registered office is at:
c/- Morgan & Morgan Trust Corporation Ltd
Road Town, Pasea Estate, Tortola.

**(the 'Assignee')**

**WHEREAS:**

1. The Assignor is the owner of certain assets (defined hereinafter as the "IP Assets") the details of which are set out in the Schedule to this Deed marked "A" and the Motion and Order approving sale attached hereto and marked "B"

2. The Assignor obtained an order of the United States Bankruptcy Court authorizing an auction of the IP (attached as "B"). Said auction was held, and Assignee was the high bidder. Pursuant to this assignment, all right title and interest of Debtor, DA Consulting USA, Inc. are to be transferred and assigned to Assignor.

**Definitions**

In this agreement, unless the context otherwise requires:

**Assets** means the Property and the IP.

**Auction Date** means the 3rd of February 2003.

**Completion** means the completion of the sale and purchase of the asset including performance by the seller of its obligations under clause 2;

**Completion Date** means the 10th of February or such other date as the parties may agree in writing.

**IP** includes, but is not limited to any and all rights, ownership, rights to transfer any registration, rights to register, the copyright, the moral rights, the authors rights, the patent rights and any other rights (as applicable) to all Assets owned by the Assignor described in the Schedule to this Deed marked "A" in the United States of America and wheresoever else in the world that the Assignor has rights as of the date the Bankruptcy Case was filed, December 29, 2003 to the assets and non-exclusively elsewhere.

**Property** means each of the assets as of December 29, 2003 individually and collectively of the Assignor not defined as IP including but not limited to those assets described in the Schedule to this Deed marked "A" wheresoever they are located.

**Purchase Price** means the amount specified in cl 3.

### Interpretation

In this deed unless the context otherwise requires:

(1) words denoting the singular number includes the plural and vice versa;

(2) words denoting any gender includes all genders;

(3) where a word or phrase is defined, other parts of speech and grammatical forms of that word or phrase has corresponding meanings;

(4) words denoting natural persons includes corporations and vice versa;

(5) references to clauses and the schedule are to clauses of and the schedule to this deed;

(6) headings are for convenience only and do not affect or control interpretation;

(7) references to any party to this deed or any other deed or instrument includes the party's successors and permitted assigns;

(8) references to any agreement or instrument includes references to such agreement or instrument as amended, novated, supplemented, varied or replaced from time to time;

(9) references to dollars and '$' are taken as referring to amounts in American currency.

**WITNESSETH:**

1. **AUTHORITY**

   Pursuant to the Order Approving Sale attached hereto as B, the Assignor confirms that he is the duly appointed and qualified chapter 7 trustee for the Debtor and hereby conveys all interest of the Debtor in the assets identified herein to Assignee. Assignor further confirms that there has been no stay issued pending appeal or appeal taken of the Order Approving Sale and that same is final. The Trustee acknowledges and confirms that Assignee is a purchaser in good faith as that term is used in 11 U.S.C. § 363 (m). .

2. **ASSIGNMENT AND TRANSFER**

   Pursuant to and in consideration of the payment of $62,000 the Assignor hereby:
   a)   assigns to the Assignee all property, right, title and interest of the Assignor in the IP; and
   b)   transfers to the Assignee all property, right, title and interest of the Assignor in the Property.
   This sale, transfer and assignment is made "as is, where is" without representation or warranty by the Trustee as to, the condition of the Assets and/or Property, and/or the suitability of the Assets and/or Property for the purposes for which they are being purchased. It is the Trustee's intent to convey, transfer and assign all the of Debtor's interest in the Assets and/or Property as defined.

3. **ASSIGNOR'S UNDERTAKINGS AND ACKNOWLEDGMENTS**

   The Assignor acknowledges that the consideration has been paid.

   The Assignor undertakes not to sell, transfer, assign or otherwise deal in any way whatsoever in any jurisdiction wheresoever or purport to do any of those things with any IP, Assets or Property that is transferred and or assigned pursuant to this Agreement.

   The Assignor undertakes to assist, in every reasonable way, the Assignee in any works, litigation, or any other procedure which the Assignee undertakes in order to prove its exclusive rights to use the IP or the Property.

4. **EXECUTION OF FURTHER DOCUMENTS**

   The Assignor undertakes and agrees to execute all forms and documents so as to:
   a) enable the Assignee to apply for and obtain registration as the registered proprietor of the IP; and
   b) enable the Assignee to cancel the registration of any other registrations relating to the IP.
   c) Enable the novation to the Assignee by the Assignor of any existing partially or wholly executory contracts requested by the Assignee.

   This undertaking is made on the strict condition that Assignee will bear all reasonable costs of the Assignor in complying with such request and that 7 days notice will be given prior to requiring any such further forms and documents.

5. **JURISDICTION**

   This Assignment is governed by the laws in force in the state of Texas in the United States of America.

   The parties submit to the non-exclusive jurisdiction of the Bankruptcy Court of the Southern District of Texas, Houston Division where the Debtors case is pending.

Page 5

IN WITNESS the Assignor and the Assignee have executed this Deed.

**SIGNED SEALED AND DELIVERED)**
**Randy W. Williams, chapter 7**                    )
**Trustee of DA Consulting USA, Inc.**        )
                                                                        )
                                                                        )
in the presence of:                                            )
                                                                        )
*Christina Millar*                                              )   *Randy W. Williams*
Witness                                                                 Chapter 7 Trustee
CHRISTINA MILLAR
Name

**EXECUTED BY DRAGON RIVER )**
**RESOURCES INC.                             )**

_____                    _____
**Signature    - Director**                                    **Signature    - Director**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. |
| DA CONSULTING GROUP USA, INC | § | |
| | § | 03-48131-H2-7 |
| | § | Chapter 7 |
| | § | |
| | § | MOTION TO PAY FUNDS INTO |
| | § | THE REGISTRY UNDER |
| | § | 11 U.S.C. §347(A) |
| DEBTOR(S) | § | |

The undersigned trustee reports

\_\_\_ The dividend(s) payable to the creditor(s) listed on Exhibit "A" hereto are in an amount less than the amount specified in Bankruptcy Rule 3010.

_X_ More than ninety (90) days have passed since the final distribution, and the dividend(s) payable to the creditor(s) listed on Exhibit "A" hereto remain unclaimed.

Pursuant to Bankruptcy 3010 or 3011, as applicable, and 11 U.S.C. 347(a), the undersigned trustee requests authorization to pay small and/or unclaimed dividends in the total amount shown on said Exhibit "A" for deposit into the United State Treasury, pursuant to Chapter 129 of Title 28 (28 U.S.C. 2041, et seq).

Dated:  October 15, 2009                 /s/ Randy W. Williams
                                         Randy W. Williams, Trustee
                                         Three Allen Center
                                         333 Clay Street, Suite 3300
                                         Houston, TX  77002
                                         (713) 654-8111
                                         (713) 654-1871 Facsimile

502306 000009 HOUSTON 665539.1

## CERTIFICATE OF SERVICE

I certify that the Amended Motion to Pay Funds into the Registry Under 11 U.S.C. §347(a) was served on the U.S. Trustee by first class U.S. Mail, postage prepaid, on this <u>15th</u> day of October, 2009, unless served by ECF at the time of electronic filing.

                          /s/ Randy W. Williams
                        Randy W. Williams, Trustee

EXHIBIT "A"

PLEASE CHECK ONE:

\_\_\_\_   Small Dividends

_x_   Unclaimed Dividends

| Names and Address | Claim No. | Amount |
|---|---|---|
| DA Consulting Group USA, Inc. | Excess Funds | $145,319.21 |
| Total | | $145,319.21 |

## LIMITED POWER OF ATTORNEY FOR RECOVERY OF FUNDS

### ( FOR ONE TRANSACTION ONLY)

Dragon River Resources Inc. , does hereby appoint MCL Associates, Inc. as our sole lawful attorney in fact, to seek and recover or caused to be recovered, the undistributed, unclaimed, or undelivered tenders funds of :

### DA Consulting Group,(USA), Inc. from Texas Case # 03-48131

held in the United States Bankruptcy Court of Texas (Houston)

We further grant our attorney in fact, its employees and agents, authority to do all things necessary to recover such funds as if we personally had done them ourselves. However, our attorney in fact, its employees and agents may not incur any cost on our behalf, or make any expenditure on our behalf, unless such authority is given in a separate writing signed by us.

This power of attorney shall automatically expire six months from the date hereof; provided, however that such expiration shall be ineffective as to any claim made by our attorney in fact prior to the time of such expiration.

Signed this __19__ day of __October__, 2009

Dragon River Resources Inc., successor in interest to,

By: _____  Tax ID # __213797__
    President

State of _____

County of _____

On_____ before me_____ personally appeared _____ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) , and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Before me:_____
            Notary Public

(Notary Seal)        My Commission expires:_____